IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-CR-010-TCK |
| ) | (05-CV-018-TCK-SAJ) |
| JOSHUA LEE MITTAG, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 80) filed by Defendant Joshua Lee Mittag, a federal inmate appearing *pro se*. For the reasons discussed below, the Court finds Defendant's § 2255 motion is barred by the statute of limitations. For that reason, the motion shall be dismissed with prejudice.

*BACKGROUND*

Defendant was convicted on his plea of guilty of possession with intent to distribute 500 grams or more of a substance containing cocaine (Count 1). He entered his plea of guilty pursuant to a Plea Agreement containing a waiver of appeal rights. See Dkt. # 41, attached copy of plea agreement at 3. On October 7, 2003, the Court sentenced Defendant to 110 months imprisonment, to be followed by three (3) years of supervised release. See Dkt. # 62. Judgment (Dkt. # 63) was entered October 15, 2003. Defendant did not file a direct appeal. He filed the instant § 2255 motion (Dkt. # 80) on January 12, 2005.

*ANALYSIS*

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Upon review of Defendant's § 2255 motion, the Court finds that under § 2255(1), this action is barred by the statute of limitations. Defendant's conviction became final on Monday, October 27, 2003, when he failed to file a notice of appeal within ten (10) days of the entry of Judgment. See Fed. R. App. P. 4(b)(1)(A)(i); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (holding that "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired"). Pursuant to § 2255(1), Defendant's § 2255 motion had to be filed on or before October 27, 2004, to be timely. Defendant did not file his § 2255 motion until January 12, 2005, or more than two (2) months after expiration of the limitations period. As a result, unless Defendant is entitled to statutory or equitable tolling, his § 2255 motion is time-barred.

In his supporting brief (Dkt. # 81), Defendant asserts that his motion is timely because his conviction did not become final until the time for seeking *certiorari* review by the United States Supreme Court expired. The Court rejects Defendant's argument. Defendant is correct that when a conviction is affirmed on direct appeal, a defendant has ninety (90) days to file a petition for writ

of *certiorari* at the United States Supreme Court. In this case, however, Defendant did not perfect an appeal. As a result, he is not entitled to the additional ninety days for seeking *certiorari* review. Instead, as determined above, his conviction became final on October 27, 2003, or ten days after entry of the judgment of conviction, when the time for filing a notice of appeal expired.

In his reply (Dkt. # 91) to the government's response, Defendant asserts that on the day of sentencing, he directed his attorney to file a notice of appeal. He states that he was "under the impression" that his attorney had filed the notice of appeal, but that "after several failed attempts to contact his counsel he wrote a letter to the court of appeals enquiring about his direct appeal." Id. He provides a copy of a letter from the Clerk of the Tenth Circuit Court of Appeals informing him that he had no appeal before the court. See id., attached letter. The letter from the Tenth Circuit is dated January 3, 2005, and is responsive to a letter from Defendant dated December 14, 2004.

Under the facts of this case, however, Defendant is not entitled to either additional time under 28 U.S.C. § 2255(4) for his claim of ineffective assistance of counsel or equitable tolling of the limitations period. As stated above, § 2255(4) provides that the limitations period may begin to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." If Defendant in fact directed his attorney to file a notice of appeal and he did not do so, then the date on which the factual predicate of the claim of ineffective assistance of counsel could have been discovered through the exercise of due diligence would be the day on which Defendant could have reasonably discovered that his counsel failed to follow his instructions to seek to appeal his guilty plea. Significantly, however, Defendant claims that he sought to file an appeal in spite of the explicit waiver of appeal rights contained in his Plea Agreement. The Plea Agreement provided as follows: "[t]he defendant agrees to waive all appellate

3

rights, including any and all collateral attacks including but not limited to those pursued by means of a writ of habeas corpus, save and except claims of ineffective assistance of counsel." See Dkt. # 41, attached copy of Plea Agreement. In addition, at the change of plea hearing held June 3, 2003, Defendant acknowledged that his plea agreement contained a waiver of appellate rights. See Trans. Change of Plea at 6-7. In light of the waiver of appellate rights contained in the plea agreement, Defendant's counsel cannot be faulted for failing to file an appeal. See United States v. Romero-Cruz, 245 Fed.Appx. 797 (10th Cir. 2007) (unpublished). Thus, due to the appellate waiver contained in the plea agreement, this case is distinguishable from cases applying § 2255(4) or § 2244(d)(1)(D) to extend the limitations period where a petitioner alleges that his attorney failed to appeal after being directed to do so. See, e.g., Fleming v. Evans, 481 F.3d 1249 (10th Cir. 2007); United States v. Lopez, 194 Fed.Appx. 511 (10th Cir. 2006) (unpublished); Cooper v. Bravo, 36 Fed.Appx. 343, 346 (10th Cir. 2002) (unpublished).

Furthermore, Defendant is not entitled to equitable tolling. The limitations period may be equitably tolled, but only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Such circumstances exist if "the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). Defendant has not demonstrated the existence of "extraordinary circumstances" warranting equitable tolling. See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).

Lastly, in seeking relief under 28 U.S.C. § 2255, Defendant relies on Blakely v. Washington,

542 U.S. 296 (2004). Under 28 U.S.C. § 2255(3), the one-year period may begin to run from "the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Issuance of Blakely did not, however, serve to restart Defendant's one-year limitations period. In Dodd v. United States, 545 U.S. 353 (2005), the Supreme Court held that the one-year limitation period under 28 U.S.C. § 2255(3) begins to run on the date on which the Supreme Court "initially recognized" the right asserted in an applicant's motion. Dodd, 545 U.S. at 358-59. However, a prisoner may take advantage of that date only if the asserted right has also been made retroactively applicable to cases on collateral review. Id. In this case, Defendant's argument fails because his conviction became final on October 27, 2003, before issuance of Blakely, on June 24, 2004. The Supreme Court's holding in Blakely has not been made retroactively applicable to cases on collateral review. In addition, the Tenth Circuit Court of Appeals has refused to apply Blakely retroactively to cases on collateral review. United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued). Therefore, Blakely does not serve as a basis for restarting Defendant's statute of limitations.

Having reviewed the record in this case, the Court concludes that Defendant's § 2255 motion is untimely. For that reason, the § 2255 motion shall be dismiss with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 80) is **dismissed with prejudice** as time-barred.

DATED this 18th day of June, 2008.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE